THE NEW YORK LIFE INSURANCE CO. a. THE BOARD OF SUPERVISORS OF THE CITY OF NEW YORK.

*New York Superior Court; General Term, January,* 1855.

ILLEGAL TAXATION.—DENIAL OF INJUNCTION.

An injunction will not be granted to restrain the collection of a tax illegally imposed.

Application for an injunction.

The complaint set forth that the plaintiffs had been taxed upon two hundred and fifty thousand dollars for the year 1852, by the defendants the Board of Supervisors of the City of New York, whereas they could only rightfully be taxed upon one hundred thousand: and that the other defendant, Harvey Hart, receiver of taxes, was proceeding to enforce the illegal tax: and prayed the judgment of the court upon the facts set forth, that the plaintiffs were not liable to pay taxes upon any amount greater than one hundred thousand: and an

injunction to restrain the defendants from collecting more.

The defendants demurred to the complaint.

The demurrer was argued before Mr. Justice Hoffman; who overruled it and rendered judgment for the plaintiffs as prayed. After an elaborate discussion of the merits, he thus concluded: "The next point raised by the demurrer is a denial of the jurisdiction of the court. It is insisted that this court cannot by injunction, interfere with the proceedings taken under the decision of a subordinate tribunal, acting under a statute, and clothed with the exercise of political powers.

An opinion of Mr. Justice Duer, in the case of Douglas *v.* The Mayor, &c., has been laid before me; the facts of the case are not stated, but it is apparently hostile to the jurisdiction.

Justice Roosevelt, whose long practical experience and learning upon this subject give great weight even to a special term opinion, treats the Bureau of Assessment as exercising a quasi-judicial power, and being a court of special jurisdiction. (Thwing *v.* The Mayor, Aldermen, &c. Special term, 1854). The complaint was there dismissed, and a preliminary injunction dissolved.

The case was one, however, of gross neglect of the opportunities to make objections provided by the law.

Justice Emmett, also, in the case of The Trustees of the N. Y. Society Library *v.* Mayor, &c., refused an injunction and dismissed a complaint, which was to restrain the enforcement of payment of taxes assessed upon the property of plaintiffs. He expressed the opinion that the property was exempt, but decided the cause, upon the cases of The Mayor of Brooklyn *v.* Meserole, (20 *Wend.* 132), and Van Doren *v.* The Mayor, &c. (9 *Paige*, 388), cited also by Justice Duer, in the case before mentioned.

It is difficult, perhaps impossible, to resist these authorities; and if there was nothing in the Code to excuse an implicit submission to them, I should allow the demurrer at once. But the new system does, I think, warrant me in saying that a doubt may exist upon the question yet. The same court now administers the law upon all the united principles of

equity and law. If this case was before me upon an action to recover back the money paid under legal compulsion, or upon an action against an officer for seizing upon property to enforce the tax, I should decide that the money should be restored. The judges at general term, if they agreed in the opinion as to the law, would order such repayment. It does seem difficult to reconcile it to common sense to say, why the party aggrieved by an error in law, may not in the same court on the same facts be protected from paying money as well as entitled to recover it when paid.

The case of Gardner *v.* Lee's Bank, (11 *Barbour,* 567), and some other cases, are hostile in principle to this view. The view of Justice Edmonds in Cure *v.* Crawford, (1 *Code R.* 18), favors it.

It is a question not so fully decided by the judgment of the general term of this court, or by that of any higher authority as to preclude me from acting upon an inclination of opinion and nothing more, that an injunction may in this case be sustained. I shall be glad if the subject is brought before the general term for a deliberate consideration which may govern ourselves at least upon a point of signal importance, and far reaching consequences.

The demurrer will be overruled, and judgment entered for the plaintiffs without costs.

From this decision the defendants appealed to the general term.

*J. Miller,* for the plaintiffs.

*R. J. Dillon,* for defendants.

DUER, J.—(Orally.)—After stating the facts in the case.

It has not been contended that previous to the enactment of the Code, this Court would have had jurisdiction to restrain the collection of such a tax. This has been decided in several cases. The case of Moses *v.* Smedley, (6 *Johns. Ch. R.* 28), though differing in circumstances, involved this principle; and it was there held that a court of equity could not interfere by injunction to prevent the collection of a tax assessed by the Board of Supervisors. The chancellor in that case dismissed

the bill, for want of jurisdiction; and his decision was affirmed by the Court of Errors.

The case of Meserole *v.* The City of Brooklyn, (26 *Wend.* 132), carried the doctrine still further. There an action had been brought to restrain the Mayor of the City of Brooklyn, from enlarging a highway known as "The Bedford Road," upon the ground that the proceedings, if persevered in, although they might not, being void, actually affect the title of complainants to their lands, a part of which had been taken for the road, would cast a cloud over the title, which would diminish the value of the property, and might be used as a means of vexatious litigation. The chancellor granted the injunction; but when the case came before the Court of Errors, that court unanimously agreed that although the acts of the Common Council of Brooklyn were wholly illegal and void, and the corporation had no right to take the lands, still, the remedy was not by injunction, but by *certiorari;* or if the corporation persisted in going on, by an action of trespass.

But it has been insisted by the counsel for plaintiff, that the rule has been altered by the Code, and that now the court has jurisdiction in every action where the plaintiff seeks to restrain or prevent a wrongful act; in other words that the court, as a court of equity, has unlimited power to prevent wrong; that it has power to prohibit any act which a court of law can punish. This court might then prevent by injunction, an assault and battery, or the publication of a libel. We cannot consent to such a construction of the Code. It was never intended by that enactment, that the equity powers vested in the courts should be enlarged. Although section 219 of the Code has been supposed, not only by counsel in this case, but by some of the judges of the Supreme Court, to have enlarged the equity powers of the courts, we do not think it has done so. That section speaks only of temporary injunctions; and it will be found that the Code does not at all attempt to define the cases in which a perpetual injunction may be granted, but leaves them to be determined by the old rule.

We are therefore of opinion that we have no jurisdiction to issue an injunction in this case.